## McLAURY v. THE CITY OF McGREGOR.

1. **Negligence:** WHEN A QUESTION OF LAW. When the facts are undisputed, the question of negligence is one of law.

2. ————: FACTS CONSIDERED: MUNICIPAL CORPORATION. Where the plaintiff, while walking upon a sidewalk five feet in width, and while in the enjoyment of sufficient light, and such eyesight as to enable her to discern the limits of the walk, stepped off into a ditch and was injured, it was held that she was guilty of contributory negligence, precluding a recovery from the city.

*Appeal from Clayton Circuit Court.*

SATURDAY, OCTOBER 23.

ACTION to recover for personal injuries alleged to have been sustained by reason of a defective street. There was a trial without a jury, and judgment was rendered for the defendant. The plaintiff appeals.

*L. O. Hatch,* for appellant.

*J. O. Crosby* and *H. A. Odell,* for appellee.

ADAMS, CH. J.—The essential facts, as found by the court, are that the plaintiff, while walking upon one of the streets of McGregor, fell from the sidewalk into a ditch and received severe injuries; that the ditch had been caused by successive freshets; that it was about four feet deep, and its bottom covered with rock; that it was so near the sidewalk that if a person stepped off he would necessarily fall into it; that no guard or barrier was erected to keep persons from stepping off; that the plaintiff, who was at the time of the accident about seventy-eight years of age, was walking upon the sidewalk in the edge of the evening, and without observing the limits of the sidewalk, stepped off and fell. It was found that the ditch was previously known to the plaintiff; that the sidewalk was five feet wide, and was discernible notwith-

standing the darkness. To these facts the court added what it called conclusions of fact, and which it stated as follows:

"1. That the walk in question was a reasonably safe one for the traveling public where it was located, and that the city was not negligent.

"2. That the plaintiff, in passing along the walk at that time of the night with full knowledge of the surroundings, and without keeping in mind the necessity of being careful, and without using care, was negligent, and that her injuries were caused thereby."

Where the facts are undisputed, the question of negligence becomes one of law. *Moore v. Westervelt*, 1 Bosw., 375.

1. NEGLI-GENCE: when a question of law. The court below included to some extent what appears to us to be a conclusion of law in what it calls a conclusion of fact. But this, at most, is only a slight informality. Whatever is properly a conclusion of law should be so treated by us, and reviewed accordingly. The character and location of the ditch, the character of the sidewalk, and the degree of darkness are distinctly found, and by this finding we are bound. Whether the conclusion of the court is correct that the sidewalk was reasonably safe for the traveling public, we need not determine. Possibly it could not be considered so at all times and under all circumstances.

This is not the precise question with which we have to deal. Was it reasonably safe for the plaintiff at the time of the accident? In other words, could she with such faculties as she had, and in that degree of light, have followed it if she had exercised reasonable care? In our opinion she could. We do not attach great importance to the fact that she had knowledge of the ditch and did not keep it in mind. Her age might easily have made her forgetful. But the court found that the plaintiff could discern the walk before her. If she could, she could discern its limits, if not the ditch. There is no pretense that she could not have followed it if she had been

2. ———: facts considered: municipal corporations.

attentive. Now it appears to us that where a person is walking upon a sidewalk as wide as this one, and is in the enjoyment of such degree of light, and such eyesight as to be able to discern it, and steps off by inadvertence or want of attention and receives an injury, such person cannot be said to be in the exercise of reasonable care. In our opinion the judgment must be

AFFIRMED.