Troxel. v. The City of Vinton.

AFFIRMED.

---

TROXEL v. THE CITY OF VINTON.

1. **Verdict:** CONFLICTING EVIDENCE. This court will not reverse a judgment upon a verdict based on conflicting evidence on the ground that there was not sufficient evidence to warrant the verdict.

2. **Cities and Towns:** INJURY ON DEFECTIVE WALK : CONTRIBUTORY NEGLIGENCE. Plaintiff's wife was injured by a defect in defendant's sidewalk. She knew that the walk was out of repair, but it does not appear that she knew or thought that it was dangerous, and it was the only walk leading from her home to where she was going. *Held* that she could not be charged as matter of law with contributory negligence on the ground that she used it knowing that it was out of repair. (See opinion for cases distinguished.)

3. **Appeal:** REVIEW: QUESTION NOT SUBMITTED TO JURY. In an action for an injury on account of a defective sidewalk, the court in an instruction called the attention of the jury to the question of enhanced damages resulting from a fall subsequent to the accident, but not to such damages resulting from an improper use of the injured limb after the accident. The instruction was not excepted to, and no other was asked on the subject. *Held* that the instruction as given was the law of the case, and limits the inquiry of this court to the subject as presented by it, and prevents any inquiry as to whether she was negligent in the use of the injured limb after the injury.

*Appeal from Benton District Court.*—Hon. L. G. KINNE, Judge.

FILED, JANUARY 31, 1889.

In June, 1886, Mrs. Sarah Troxel, the wife of the plaintiff, was injured while passing over a sidewalk in the defendant city, and this action was brought by the husband to recover damages. There was a trial to a jury, a verdict and judgment for the plaintiff, and the defendant appeals.

*J. C. Traer,* for appellant.

*J. D. Nichols,* for appellee.

GRANGER, J.—No errors are assigned as to the instructions of the court, and the questions for consideration are entirely with reference to the testimony.

I. Appellant first insists that the verdict is not supported by a fair preponderance of testimony. The

1. VERDICT: conflicting evidence. testimony in the case is brief, and we have carefully examined it. It is true that while

Troxel v. The City of Vinton.

three witnesses, including the plaintiff and his wife, testify to the bad condition of the walk, there are five who testify that they frequently passed over it, and noticed nothing wrong. That the walk was, on the eighth of June, when the accident occurred, out of repair, there can be no reasonable doubt. This fact adds something to the force of the evidence that it was for some time before out of repair. It is unquestioned that in the fall of 1885 the plaintiff called the attention of Mr. Means—one of the six witnesses, and at the time one of the officers of the city—to the defect, and particularly called his attention to the approach at the woodshed, where the accident happened. He (Means) then served a notice on Mrs. Butler, the owner of the abutting property, to repair the sidewalk. Mr. Means, in his testimony, says that Mrs. Butler made no change in the walk that he knew of. He also says he discovered nothing wrong with the walk, and that he made no special examination. Three of the witnesses testify that from in the spring the walk was not firm, and that to walk on the side it would "tilt or teeter," that some of the planks were loose, and it is true that a loose plank caused the accident to Mrs. Troxel. Thus we find that there is some testimony that the walk was out of repair in the fall of 1885, and more that it was from the spring of 1886. The testimony is that one passing along the center of the walk would not notice any defect. This might account for the fact that only a part of those who passed over it noticed a defect. To us it seems that there is a plain conflict of evidence, and that the question of whether or not the walk was out of repair was one for the jury.

II.   It is next urged that the condition of the walk was not such as to impart constructive notice to the defendant. The consideration of this question is so akin to the former that it should hardly command further notice. There is some testimony tending to show actual notice. We refer to the complaint or talk of the plaintiff with Mr. Means in October, 1885, which led to a notice on the abutting property owner to

2. THE SAME.

Troxel v. The City of Vinton.

repair the walk. It is by no means clear that such a notice did not require a particular examination of the walk to know its condition. But, without so holding, it is sufficient to say that the testimony is of a character to make the question of notice one for the jury.

III. At the close of the testimony the defendant moved the court to instruct the jury to return a verdict for the defendant, for the reason that the undisputed testimony of the plaintiff's wife shows that the accident occurred in consequence of her contributory negligence. The motion was overruled, and such ruling is assigned as error. Mrs. Troxel's testimony as to how the injury occurred is as follows : "I reside at Vinton. Am wife of plaintiff. Am forty-eight years of age. During the year 1885, and until June, 1886, lived in the southeast part of town, straight east of the Blind Asylum. I know where Asylum avenue is. The house where I lived was directly east of the College for the Blind, and on the south side. There was a sidewalk all the way from where I lived to the College for the Blind, on the same side. I remember going to a concert at the college about the eighth of June, 1886. I know where the property known as the 'Butler property' is located. It was five blocks west of us, on the south side of the street. My daughter Lillie went with me to the concert. On the evening of the eighth of June, 1886, I went to the concert. I was injured on the sidewalk at Butler's barn or woodhouse,—I don't know which it is. There was a window in the north side of the wood-house. It must have been a little east of the window,—close about the window; between it and the corner. I was injured on the walk on the south side, next the wood-house. Was going west. We were on the walk. I stepped on a plank, and my daughter stepped on the other side, and tripped me against the barn, and threw my foot sideways. It appeared as if it was thrown out of joint. I had noticed that this walk was out of repair before the accident; that the stringers were loose, and the section ( I guess it is called ) was loose, and teetered. I had been over the

*2. CITIES and towns : injury on defective walk: contributory negligence.*

walk during the spring of 1886 frequently. I can't say how many times. I was walking carefully at the time. Never had any trouble before." On cross-examination she testified as follows: "I live five blocks east of where the Butler property is; on the same street. Can't state what time I left home that night; it was between sundown and dark; I think it was about eight o'clock. My daughter and I were together. We started along the sidewalk past Butler's property. We walked side by side. We did not have hold of each other. Did not walk very fast. Don't recollect just what time we got to asylum; think it was dusk. Do not recollect talking to my daughter. Did not call her attention to this place in the walk as being bad. I think I stated before that when we got to the bad place in the walk that we walked right along in the usual way. I stepped on one end of the plank, and my daughter on the other. I can't tell how it was. Something happened,—the plank, I thought, came up, and caught my foot, and threw me against the building. The plank was drawn around. I did not notice much about the condition of the walk that evening. It teetered a little; that is, it rocked. I I do not know how long we stayed there after the injury." In support of the assignment we are referred to *McLaury v. City of McGregor*, 54 Iowa, 717; and *Hartman v. City of Muscatine*, 70 Iowa, 511. In the case of *McLaury v. City of McGregor*, the plaintiff was injured by stepping off the walk into a ditch, and a brief extract from the opinion will show the nature of the case. The court says: "It appears to us that where a person is walking upon a sidewalk as wide as this one, and is in the enjoyment of such degree of light and such eyesight as to be able to discern it, and steps off by inadvertence or want of attention, and receives an injury, such person cannot be said to be in the exercise of reasonable care." It will be observed that this is a case where there was a sufficient walk for the use of plaintiff, and by her own inadvertence or negligence she stepped off the walk into the ditch. In the case of *Hartman v. City of Muscatine*, there was what was known to be a

dangerous crossing, and the plaintiff chose to take that route, instead of another equally available to him. The plaintiff in that case testified that he knew that it was dangerous when he attempted to cross it; and the court says that, as a matter of law, the plaintiff acted imprudently, and that he could not recover. In the case at bar there was no such admission on the part of Mrs. Troxel. She knew that the walk was not in good repair, but there is nothing to show that she regarded it as dangerous. She passed over it frequently, and others passed over it daily without mishap. She says that at the time of the accident she was walking in the usual way; that she was walking carefully. This, it appears was the only walk leading to the place of her destination that evening. This case is widely different in its facts from the cases referred to. This is a case, like many others, where a defective walk,—known to be so,—but not regarded as dangerous, is used for a time with safety, and then, for some cause that is not and could not be anticipated, an accident results. The rule laid down in *Kendall v. City of Albia,* 73 Iowa, 241, seems to have been followed by the court in this case as to contributory negligence, and the condition of the evidence is not such as to warrant our interference.

IV. It is next claimed that the plaintiff's wife was negligent in the manner in which she used the injured limb. Upon that branch of the case the court gave to the jury the following instruction: "(9) If you find from the evidence that plaintiff's wife was injured by a defect in the sidewalk, as claimed, without any negligence on her part which contributed thereto, and that defendant had notice of such defect as hereinbefore explained, and that plaintiff has suffered damages thereby; and if you further find that afterwards plaintiff's said wife fell, and again injured her limb, and said last fall enhanced or increased said original injury, whereby further medicine and medical attendance was required, and whereby further loss of services of plaintiff's said

3. APPEAL: review: question not submitted to jury.

wife resulted to him than would have resulted from the original injury,—then as to such medicine and medical attendance or further loss of time plaintiff cannot recover unless you find that said last fall, if any, was produced or caused by said original injury, and without any fault or negligence on the part of plaintiff's said wife." This is the only instruction to the jury relative to the wife's conduct after the injury, and no question is made as to the instructions given, or that any were refused. It will be observed that the instruction only calls the attention of the jury to the question of enhanced damages resulting from a fall; not to such damage on account of excessive walking or other misuse of the limb after the injury. The instruction, as given, is the law of this case, and limits our inquiry to the subject as presented by it; that is, we only look to the testimony relative to injury by the fall. If the appellant desired more, an instruction should have been asked.

The foregoing disposes of all the material questions presented in the record, and the judgment is

AFFIRMED.