JULIA BARCE v. THE CITY OF SHENANDOAH, Appellant.

**Negligence:** CONTRIBUTION: *Jury question.* One is, as matter of law, guilty of contributory negligence precluding recovery for a
1 fall caused by the uneven condition of the sidewalk, where she knew the exact condition of the walk, having passed over it frequently and having previously fallen at the very same place, and, though walking rapidly, nothing had occurred to distract her attention.

SAME. An instruction that if a municipal corporation negligently
2 constructed a sidewalk, one who sustained injuries from a fall caused by its unevenness may recover if free from contributory negligence, is erroneous where there is no evidence that the city was negligent in constructing the sidewalk.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, OCTOBER 18, 1898.

ACTION by Julia Barce against the city of Shenandoah to recover damages for injuries sustained by her upon one of the sidewalks of the defendant city. The case was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of five hundred and eighty-eight dollars, and defendant appeals.—*Reversed.*

*G. B. Jennings* for appellant.

*S. C. Keenan* for appellee.

DEEMER, C. J.—Plaintiff claims that on the fifth day of November, 1895, she tripped and fell on a street in the defendant city, and, in consequence, received serious injuries, for which she seeks compensation. Defendant denies liability for the accident, and pleads a settlement.

I. No formal answer was made to an amendment to the petition filed during the progress of the trial, but, as the averments were treated as denied, they will be so considered in this court. Appellee contends that the allegations of the petition were admitted, and that defendant's only defense was a settlement. We have already seen that the answer was a denial, as well as a plea of settlement. There was no admission of liability.

II. That plaintiff fell upon one of the sidewalks in the defendant city, and received injuries in consequence thereof, is well established. It is claimed, however, that the defendant is not responsible for the fall. Plaintiff's evidence in her own behalf is somewhat confused, and it is with difficulty that we give her version of the affair. As we understand it, she was hurriedly passing over one of defendant's sidewalks, attempting to reach home before a rainstorm should overtake her. While passing along the walk, she tripped upon one of the boards, and fell upon the sidewalk, receiving the injuries of which she complains. The boards of the walk were laid upon three 2x4 or 2x6 stringers, and, at the place where the accident occurred, there was a thick board and a thin one. The thin one was about seven-eighths of an inch thick, and the thick one was what is called two inches thick; probably it was one and three-fourths or one and seven-eighths inches. Plaintiff says she stepped upon the thin board, and it sprung down, and she stubbed

her foot, and fell. She also said, in answer to a leading ques-
tion, that her son-in-law called the attention of some mem-
bers of the city council to the fact that the walk was
"wiggly," and that she told these officers how the board gave
down. Other witnesses for the plaintiff testified that the
stringers were old and shaky, and that the whole walk at the
place of accident sprung down when they walked over it. The
witnesses all say that one board was about an inch thicker
than the other; and the plaintiff says she stubbed her toe
against the thicker board, and fell to the walk. While she
says the board upon which she stepped sprung down, yet it
does not appear that this was the cause of her fall. The
unevenness of the walk was undoubtedly the proximate cause.
The evidence further shows that some of the stringers were
a little rotten, and that the walk as a whole shook a little when
pedestrians passed over it. It appears without dispute that
the boards were nailed firmly to the stringers, and that the
alleged rotten condition of the walk had nothing to do with
the accident. After plaintiff received her injuries she stated
that she struck her foot against the thicker board, and that
her fall was due to the unevenness of the walk.

Appellant contends that these facts do not make such a
showing of negligence as justified the court in submitting
the case to the jury. In view of our holding on the issue of
contributory negligence, it is not necessary to determine that
question. The evidence shows without dispute that plaintiff
knew the exact condition of the walk. She had passed over
it frequently, and had, at least once before, stumbled and
fallen at the very same place, and against the identical board.
At the time of the accident she was walking rapidly towards
her home, but there was nothing whatever to distract her
attention. She says that she was "noticing the walk, just
as any person would, walking along," and that she could
readily detect a thick board from a thin one in passing along
the walk. It seems to us that, by the exercise of ordinary
care, plaintiff might have avoided the injury. Had there

been anything to divert her attention, the case might be different; but, as we have said, there was nothing of that kind. She knew of the defect, if there was one, and knew of the danger, because she had once before, at least, stumbled at the same place. Moreover, there was no evidence that she was obliged to take this walk. That she was guilty of such negligence as bars her of recovery seems to be settled by the following, among other, authorities: *Raymond v. Lowell,* 6 Cush. 524; *Dale v. Webster County,* 76 Iowa, 370; *McLaury v. City of McGregor,* 54 Iowa, 717; *Tuffree v. State Center,* 57 Iowa, 538; *Cosner v. City of Centerville,* 90 Iowa, 33; *Achtenbagen v. City of Watertown,* 18 Wis. 331; *Gribble v. City of Sioux City,* 38 Iowa, 390; *Marshall v. City of Belle Plaine,* 106 Iowa, *post.*

III.   There was no evidence that the city was guilty of any fault in the original construction of the walk; yet the court instructed that, if the city was guilty of negligence in erecting the same, then plaintiff, if free from negligence, might recover. That it is error to instruct upon a matter of which there is no evidence, is familiar doctrine, and no authorities need be cited to sustain it. As sustaining our conclusion on this branch of the case, however, see *Barnes v. Newton,* 46 Iowa, 567. For the errors pointed out, the judgment is REVERSED.