DELILAH HOOVER v. THE TOWN OF MAPLETON, Appellant.

**Defective Sidewalk:** CONSTRUCTIVE NOTICE:  *Jury question.*   Where plaintiff testified that she had frequently passed over a sidewalk on which she was injured and had noticed that it was defective, 1 and two witnesses testified that they had noticed its defective condition six months before the accident, there was sufficient evidence to sustain a finding that the town had constructive notice of its condition.

CONTRIBUTORY NEGLIGENCE:   *Jury question.*   Where plaintiff knew of the defective condition of a sidewalk on which she was injured, 2 and there was another convenient way which she might have taken, the question of contributory negligence in using the walk was properly left to the jury.

KNOWLEDGE OF DANGER:   *Ordinary care.*   Where plaintiff had knowledge of the defective condition of a sidewalk on which she was injured, if she was warranted in going on the walk at all, she 3 was not required to use more than ordinary care, though more care would be required to constitute ordinary care than if she did not know of the danger.

Quotient Verdict:   That the amount awarded by a verdict was first found by averaging amounts voted for by each juror will not 4 invalidate it where it did not appear that there was any previous agreement that the jury should be bound by the result.

CONFLICTING EVIDENCE.   Where the affidavits of jurors as whether there was any agreement between them to determine the amount 4 of the verdict by averaging the amounts voted for by each juror

were conflicting, the holding of the trial court thereon will not be
disturbed.

**New Trial:** LOSS OF SHORTHAND REPORT. A judgment will not be
·reversed for the trial court's refusal to grant a new trial for the
loss of the reporter's notes.

'*Appeal from Monona District Court.*—HON. WILLIAM.
HUTCHINSON, Judge.

WEDNESDAY, FEBRUARY 7, 1900.

. PLAINTIFF tripped upon a loose board in a walk in
defendant town, and fell, causing the injuries for which she
sues. From a verdict and judgment in her favor, defendant.
appeals.—*Affirmed.*

*Chas. E. Chrisman* and *C. E. Cooper,* for appellant.

*J. A. Prichard* and *J. W. Anderson,* for appellee.

WATERMAN, J.—After the trial in the court below,
plaintiff died, and T. B. Lutz, the administrator of her
estate, was substituted as plaintiff. The errors, as assigned,.
involve considerable repetition. We shall depart, therefore,.
from the order adopted by counsel for discussion, but shall
endeavor to dispose of all questions presented. It is not.
disputed that the walk was, in fact, defective, but it is said
there was no evidence of notice to the city of such·
defect. Constructive notice is relied upon by plain-·
tiff. The accident occurred by reason of a board tip-
ping up at one end, and tripping plaintiff's intestate. Mrs.
Hoover, the original plaintiff, testified: "Knew side walk·
was 'teetery' and saw a board out at this place before the
accident. * * * I had passed over the walk frequently·
before the accident. Knew the walk was teetery and dangerous.
Had noticed loose boards. They would not tip when walking·
in center of walk. Saw board loose several times, and out in
the street once." A. A. Thompson testifies: "Had noticed·
boards loose at this place and along lot 23 at different times·

during the past six months." John Hoover says: "Side stringers have been rotted over six months. * * * None of the stringers would hold nails, and boards would fly up. * * * The board that tripped plaintiff had been out several times before, and had been placed in the walk without fastening." Mrs. Jennie Brown's statement is that "some of the boards at this place had been loose three or four months before the accident," but, so far as she knew, this particular board had only been loose three or four days. We think this was sufficient to sustain the finding of the jury that the town should have known of the existence of the defect. *Lorig v. City of Davenport,* 99 Iowa, 479, and cases cited therein.

II.   Next we have to consider the claim of contributory negligence on the part of plaintiff's intestate. She testified that she knew the walk was "dangerous." She evidently meant "defective" for she adds, "Did not know it was dangerous at the time of the accident, as the board was in place, and looked all right." It was shown on the part of defendant that there was another and a convenient way by which plaintiff's intestate might have proceeded to her destination. Under proper instructions, the court left it to the jury to say whether there was contributory negligence. This was proper. See *Sylvester v. Town of Casey,* 110 Iowa, 256.

III.   There was no error in refusing to give No. 1 of the instructions asked by defendant, for the principle announced is covered by paragraph 15 of the charge given. No. 2 of the instructions asked by defendant embodied the thought that, if plaintiff knew the walk was unsafe, she was required to use more than ordinary care in passing over it. This is not correct. If plaintiff was warranted in going upon the walk at all, she was required only to use ordinary care,—that is the standard; though it is true that ordinary care differs under varying circumstances, and more will be required to constitute it when known

danger prevails. The eighth instruction asked by defendant, relating to constructive notice, was fully covered in the charge given. We may well say, in this connection, that constructive notice to the city of the decayed and defective condition of this walk is not to be founded upon the condition of the particular plank on which plaintiff's intestate tripped. The general condition at this point may be considered. *Lorig v. City of Davenport, supra; Smith v. City of Des Moines,* 84 Iowa, 686; *Munger v. City of Waterloo,* 83 Iowa, 560.

IV. It is said there was a quotient verdict, and a new trial should have been granted on this account. While the amount awarded was first found by adding together the amounts voted for by each juror, and dividing the sum by twelve, the affidavits of the jurors are in conflict as to whether there was any previous agreement to be bound by the result. In the absence of such agreement, there is no legal objection to this mode of procedure. *Barton v. Holmes,* 16 Iowa, 252, 258; *Sullens v. Railway Co.,* 74 Iowa, 659, 666. The statements of the jurors are in sharp conflict as to whether there was an agreement among them in advance to be bound by the result. We do not feel justified, in view of this conflict, in disturbing the holding of the trial court on this point. *Perry v. Cottingham,* 63 Iowa, 41; *Light v. Railway Co.,* 93 Iowa, 83.

V. Finally, it is insisted the court erred in not granting a new trial on account of the loss of the reporter's notes. No reason is given, and we can conceive of none, that would warrant us in reversing the cause on this ground.

The verdict is for a very moderate sum, considering the character of the injuries suffered, and it is fully sustained by the evidence.—AFFIRMED.

GRANGER, C. J., not sitting.