BRIDGET COX v. THE CITY OF DES MOINES, Appellant.

**Defective Sidewalks:** KNOWLEDGE OF DEFECT AS MATTER OF LAW. Where a traveler had no knowledge of a particular defect in a sidewalk, and could not have discovered it by simply glancing at its surface, such knowledge cannot be inferred as a matter of law.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

THURSDAY, MAY 24, 1900.

ACTION at law to recover damages for injuries sustained by plaintiff while passing along one of the streets of defendant city, due to a defective sidewalk, which it is claimed defendant negligently permitted to become out of repair. There was a trial to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*J. E. Mershon* and *L. W. Bannister* for appellant.

*James Nugent* and *W. A. Connolly* for appellee.

DEEMER, J.—The defendant's negligence is conceded, and it is agreed that the only question for our consideration is plaintiff's contributory negligence. The instructions are not complained of and the one bearing on contributory negligence is in the usual form. The jury was authorized to find that plaintiff, while walking, with a companion, over a

sidewalk in one of the streets of defendant city, caught her foot on a board which was raised by reason of her companion having stepped on one end thereof, and that she received her injuries in consequence thereof. Plaintiff had not been over the walk from December 23, 1897, until the day she received her injuries, which was on the thirteenth day of March, 1898. There were several boards out of place, but plaintiff did not pay any particular attention to them, and did not notice that some of them were gone until after she fell. She did not know there were any loose boards in the walk. As a matter of fact a number of boards were out, and some of them were loose, but there is no showing that plaintiff knew it was dangerous to pass over the walk in its then condition, except as such knowledge may be inferred from the fact that she was passing over it in the daytime, and could observe its general condition. Of course, she must be held to a knowledge of the fact that some of the boards were out, for she could not pass over the walk without observing that fact. But she was not bound as a matter of law to know that any of them were loose. Other evidence tended to show that persons using the walk noticed loose boards; but, as plaintiff had not passed over it before for some months prior to her fall, her knowledge must be confined to what she saw, or ought to have seen, as she passed along and over the sidewalk. The walk was open to the public, and travelers were impliedly invited to pass over the same. We have never held that it was negligence as a matter of law for one to pass over a defective walk. Knowledge of the danger is an important element to be considered; and, as a general rule in the absence of such knowledge, it is not negligence as a matter of law for one to pass over a defective sidewalk. *Sylvester v. Town of Casey,* 110 Iowa, 256; *Barnes v. Town of Marcus,* 96 Iowa, 676, and cases there cited. Whether or not it was imprudent for plaintiff to pass over this walk in the condition in which she found it, was a question of fact for the jury. It is true, that in some cases we have held plaintiff

guilty of contributory negligence as a matter of law, but in each case knowledge of the particular defect was shown, and appreciation of the danger was apparent. See *Cosner v. City of Centerville,* 90 Iowa, 33, and *Barce v. City of Shenandoah,* 106 Iowa, 426. These cases are exceptional, and the general rule is as above stated. In the case at bar plaintiff had no knowledge of the particular defect, and could not have discovered it by simply glancing at the surface of the walk. While the jury might have found that she had, or in the exercise of ordinary care ought to have had, notice of the defective and dangerous condition of the walk, we are not justified in holding as a matter of law that such knowledge should be inferred. The case is not as strong in its facts for defendant as *Hoover v. Town of Mapleton,* 110 Iowa, 571, wherein we held the question of contributory negligence was for the jury. The issues were properly submitted to the jury, and with their findings we should not interfere.—AFFIRMED.