HARRIETT CARTER, Appellant, v. THE TOWN OF LINEVILLE, Appellee.

**Defective Walk:** FAILURE TO TAKE OTHER STREET: *Jury question.* Where in an action for injuries sustained by reason of a defective sidewalk, there is no question but that the town was negligent in failing to keep the walk in repair, and plaintiff testified that she knew the dangerous condition of the walk, but that all the other walks which she might have taken to reach her destination were also out of repair and dangerous, the question whether or not she should have gone into the street and avoided all the walks was for the jury.

*Appeal from Wayne District Court.*—HON. H. M. TOWNER, Judge.

SATURDAY, OCTOBER 11, 1902.

ACTION at law to recover damages for injuries sustained by plaintiff while passing along and over one of the defendant's sidewalks. The trial court directed a verdict for defendant, and plaintiff appeals.—*Reversed.*

*Poston & Sullivan* for appellant.

*G. T. Wright* for appellee.

DEEMER, J.—That defendant was negligent in failing to keep the sidewalk upon which plaintiff was injured in proper repair is beyond the pale of reasonable discussion. Plaintiff testified, however, that she knew the condition of the walk, and that it was dangerous; but she also testified that all the other walks which she might have taken to reach her destination were also out of repair and dangerous.

Whether or not she should have gone out into the street, and avoided all the walks, was a question of fact for the jury. The evidence is not such as to justify us in holding as a matter of law that her failure to do so constituted contributory negligence. Of course, if plaintiff knew the walk which she took was dangerous, and that it was imprudent to attempt to pass over the same, and there was another convenient walk by which she could have reached her destination, which was reasonably safe, then it was her duty to have taken the safe way, and avoided the danger. But this rule does not apply when all the convenient walks are dangerous. One is not required to stay indoors because the sidewalks are out of repair. There may be cases where he should use the middle of the street, but such cases are rare. In any event, the question, under the facts disclosed by the record before us, was one of fact for a jury. *Barnes v. Town of Marcus*, 96 Iowa, 675; *Nichols v. Incorporated Town of Laurens*, 96 Iowa, 388; *Sylvester v. Incorporated Town of Casey*, 110 Iowa, 256; *Hoover v. Town of Mapleton*, 110 Iowa, 571; *Cox v. City of Des Moines*, 111 Iowa, 646, and cases cited; *Barce v. City of Shenandoah*, 106 Iowa, 426; *Marshall v. City of Belle Plaine*, 106 Iowa, 508; and *Cosner v. City of Centerville*, 90 Iowa, 33,—are exceptional cases; the facts being quite different from those appearing in the case now before us.

The trial court was in error in directing a verdict, and its judgment is REVERSED.