JOSEPH MACHACEK, Appellant v. MARCUS M. HALL, DANIEL W. McLEOD, and DANEIL K. McLEOD.

**Defective walks:** CONTRIBUTORY NEGLIGENCE. A pedestrian is not as a matter of law required to inspect a walk before passing over it; he has the right to assume that it is in repair and that he may proceed safely; and where an injury results from a defect unknown to him but which he might have discovered had he looked, his attention not having been diverted, the question of whether he was in the exercise of ordinary care is for the jury.

*Appeal from Superior Court of Cedar Rapids.*— HON. J. H. ROTHROCK, Judge.

. TUESDAY, JANUARY 16, 1906.

REHEARING DENIED SATURDAY, JULY 14, 1906.

ACTION for damages resulted in a directed verdict for the defendant, upon which judgment was entered. The plaintiff appeals.— *Reversed.*

*Bingham & Mekota* and *S. K. Tracy,* for appellant.

*Redmond & Stewart,* for appellees.

LADD, J.— The defendant Hall, as contractor, had erected a church at the corner of Twelfth and Seventeenth avenues in Cedar Rapids. A section of the sidewalk on Twelfth avenue between eight and twelve feet long had been removed to allow teams to pass in hauling stone to and dirt from the basement of the church. The open space was about six inches below the ends of the walk, toward each of which the earth slanted. The section was replaced by one of the defendants, McLeod, by direction of the other and another trustee of the church, and in doing so a plank six or eight inches wide was left out at the east end, and the dirt was some two or three inches below the walk beyond. Two or three steps still farther east Hall had left a stone about two and one-fourth feet long and a foot in height and width, between one and two feet from the sidewalk, in the parking of the street. The plaintiff, who resided on Seventeenth avenue, some four hundred feet from the place, had passed along this way in the morning before the section of walk had been replaced, and upon his return to dinner, shortly after twelve o'clock m., noticed the change when about forty feet distant. He testified: " I see, when I got about so far as I get from here by the door, and I see that a piece was in, and I think it was all right, and I no look, and I no know if there is hole or no. I go along, and I stumble with my foot, and catch that plank with my foot, and make a big jump, and fall down on the stone." On cross-examination he testified, further, that his attention was not diverted by anything in

the street. "Q. You noticed the walk had been changed since morning? A. Yes, sir. Q. You were looking at it, then, to notice the change? A. Yes, sir. Q. How high was the old walk above the piece that had been put in? A. I couldn't tell that for sure; about two inches or so, or about three inches. . . . Q. And then you walked right forward and right ahead, and when you came up to where this walk — the old walk — was higher than the new walk, you struck your foot against it and fell down? A. Yes, sir. Q. Was that plank out just where the old walk was higher than the piece that was put in? A. Yes, sir. Q. There was no dirt in it? A. Maybe there was dirt in it. If it was in, it was gray like that sidewalk, pretty near the same color. Q. Then you noticed that this piece of walk had been put in? A. I noticed it was level. Q. You were looking right straight ahead all the time? A. Yes, sir. Q. And you saw it had been changed from morning? A. Yes, sir. Q. You saw that the piece of walk that was put in was lower than the old walk? A. Yes, sir; afterward, when I lay over the stone. Q. Didn't you see that before? A. No, I can't see that before. It was level, and the sand was in, and the sand was the same color as the sidewalk." That negligence on the part of defendants might have been inferred is not questioned.

The verdict seems to have been directed on the theory that as plaintiff's attention was not diverted, and he could have seen and avoided the opening had he looked, he should be held as a matter of law to have been guilty of negligence in not so doing. That plaintiff did not know that the plank had been left out is undisputed, and therefore the fact that his attention was not diverted by anything in the street is material only as bearing on the degree of care being exercised by him. Even if the dirt in the opening was of a color like that of the walk, the defect could have been seen, had he been looking for defects. But a pedestrian on the street is not as a matter of law an inspector of sidewalks. He has the

right to assume that they will be in repair,· and that he may proceed in safety.   He is not bound at his peril to discover every defect, although it may be an open · one.  Though plaintiff observed that the block of walk had been replaced, he did not notice the absence of the plank, owing to the earth being of the same color, and he had the right to suppose, in the absence of information to the contrary, as he testified he did, that the repairs had been properly done. Whether in the exercise of ordinary care, in view of the circumstances proven, he should have seen the opening and avoided it, was for the jury to determine.   *Barnes v. Marcus,* 96 Iowa, 675 ; *Rusch v. Dubuque,* 116 Iowa, 42.   The cause should have been submitted to the jury.— *Reversed.*