George Robertson, Appellant, v. The City of Waukon.

Municipal corporations: SIDEWALKS: CONTRIBUTORY NEGLIGENCE: EVIDENCE. A pedestrian is not bound to know every danger incident to the use of a sidewalk, even though he has a knowledge of its generally dangerous condition; he is only required to use his senses and exercise such caution as persons of prudence ordinarily

use under like circumstances. Under the evidence in the instant case the question of plaintiff's contributory negligence should have been submitted to the jury.

*Appeal from Allamakee District Court.*— HON. A. N. HOB-SON, Judge.

THURSDAY, MARCH 19, 1908.

SUIT to recover damages occasioned by a defective sidewalk. There was a directed verdict for the defendant, and from a judgment thereon the plaintiff appeals.—*Reversed.*

*William S. Hart* and *Stilwell & Stilwell,* for appellant.

*Dayton & Dayton* and *H. H. Stilwell,* for appellee.

SHERWIN, J.— In 1902 the plaintiff had a contract for carrying the mail between the post office and the railway station in the city of Waukon. He had performed this service for many years prior thereto, making several trips to and from the office each day. Early in the morning of April 7th he went to the office with his horse and wagon for the purpose of taking the mail to the railway station. He stopped his conveyance near the north end of the sidewalk in front of the office and sent his young son in for the mail sacks. After he had entered the office, the plaintiff concluded that he would need help, and stepped from this wagon onto one of the planks in the walk for the purpose of going into the office to assist his son in removing the mail sacks therefrom to the wagon. He stepped upon a plank which was near the north end of the post office walk, and it gave way under his weight, and he received the injury complained of. The trial court held that the plaintiff was guilty of contributory negligence as a matter of law and sustained the defendant's motion for a directed verdict. Whether he was justified in so doing is the only question for determination.

The evidence shows without any substantial conflict that the sidewalk in front of the post office building was, as a whole, in a decidedly dilapidated and unsafe condition, and that it had been in such condition for a long time. The stringers under all of the plank were badly rotted, and many of them were broken, and, as some of the witnesses testified, the walk would spring up and down under the weight of the travelers thereon. The plank upon which the plaintiff stepped had a broken end. It was split back from the front end some distance, and a piece of the end, about half the width of the plank, was gone leaving a hole. The plaintiff stepped onto the plank just beyond the hole without noticing or knowing the split continued beyond it, and his weight sprung the split piece down and his foot was caught. It should also be said that just as he stepped on the plank his attention was for a moment diverted by the call of a man with whom he had other business. The appellee contends that the plaintiff knew the exact condition of the walk, and that he knew it was imprudent for him to pass over the defect; that there were other convenient and direct ways which he might have taken without danger, and by so doing he could have avoided the injury. There was but one public entrance to the post office, and but one entrance through which the public and the plaintiff could enter and leave the office. The door was in about the center of the building, and it was therefore impossible to reach it without passing over some part of the walk in question. Streets and sidewalks are for the use of the public, and the law requires cities and towns to keep them in a reasonably safe condition for travel. It is not, therefore, the duty of the public or of individual members thereof to critically inspect such streets and walks before using the same. All that is required of the traveler is that he make such use of his senses and exercise such caution as persons of prudence ordinarily use under the like circumstances. *Machacek v. Hall,* 131 Iowa, 412.

Here was a walk that was dangerous in every respect,

and yet the public had the right to use it, because it afforded the only means of reaching the building in the town most frequented by the entire public. There was no other safe way. There was no way to the post office door except over some part of this walk, and, while the users thereof were required to exercise reasonable care, they were not, under all of the authorities, required to carefully inspect the walk as a whole for the purpose of determining which particular plank therein might bear them safely. The plaintiff knew the general condition of the walk, and the fact that the plank on which he stepped had a broken end; but he did not know of the split therein. Nor was he, as a matter of law, required to know it. In fact, according to his testimony he had stopped his wagon where he did, having in mind the general condition of the walk, and because he thought that the safest portion thereof. Having the right to use the walk, he was not bound to know of every danger its use might create, even though he did have knowledge of its generally dangerous condition. *Rusch v. Dubuque,* 116 Iowa, 402; *Barnes v. Marcus,* 96 Iowa, 675; *Carter v. Lineville,* 117 Iowa, 532; *Brown v. Chillicothe,* 122 Iowa, 640; *Sachra v. Manilla,* 120 Iowa, 562.

The case was clearly for the jury, and for the error in directing a verdict for the defendant it must be and it is *reversed.*