J. F. BEARDMORE, Appellee, v. INCORPORATED TOWN OF NEW ALBIN, Appellant.

MUNICIPAL CORPORATIONS: Torts—Defects or Obstructions in
1 Streets—Unsafe Path Through Snow. When negligence is predicated on the unsafe condition of a path made by the town authorities through the snow on a crosswalk, evidence tending to show that said path never was safe necessarily presents a jury question.

TRIAL: Instructions—Undue Emphasis. Requested instructions which
2 place special emphasis on a party's theory of the case are properly refused.

TRIAL: Instructions—Failure to Enter Exceptions. Failure to enter
3 exceptions to instructions before argument to the jury (statute now repealed) precludes review on appeal.

NEW TRIAL: Verdict—Excessiveness—$1,800. Verdict for $1,800 for
4 personal injuries sustained.

Headnote 1: 28 Cyc. pp. 1500, 1504, 1505. Headnote 2: 38 Cyc. pp. 1674, 1675. Headnote 3: 3 C. J. pp. 919, 952, 954; 4 C. J. p. 1119; 38 Cyc. pp. 1790, 1808. Headnote 4: 17 C. J. p. 1101; 29 Cyc. pp. 843, 844.

Headnote 1: 39 L. R. A. (N. S.) 1167; 27 A. L. R. 1114; 32 A. L. R. 1284; 13 R. C. L. 409. Headnote 4: L. R. A. 1915F, 30; 8 R. C. L. 674.

*Appeal from Allamakee District Court.*—A. N. HOBSON, Judge.

DECEMBER 14, 1926.

REHEARING DENIED APRIL 7, 1927.

Action at law for damages for personal injuries sustained upon a crossing sidewalk of the defendant town. The nature of the defect charged as negligence against the defendant was the accumulation of snow and ice on such walk. The answer was a general denial. There was a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*D. D. Murphy & Son,* for appellant.

*William S. Hart,* for appellee.

EVANS, J.—On February 12, 1915, the plaintiff slipped and fell upon a street crossing of the defendant town. His fall resulted in a broken arm. The city contends that, upon the record, there should have been a directed verdict for the defendant. It also contends that material error was committed in the submission of the case. Before proceeding to a discussion of the points raised on appeal, we deem it our duty to call attention to the inordinate delay in the prosecution of this appeal. The judgment appealed from was entered on March 30, 1917. The motion for a new trial was, by stipulation, filed October 15, 1917, and overruled in March, 1918. The abstract discloses that notice of appeal was served on September 28, 1918. Whether the appeal purported to be from the judgment or from the order overruling motion for a new trial does not appear. The case was not submitted to this court until November 16, 1926. Doubtless no one will better appreciate than the distinguished counsel in the case that such extraordinary delay in the presentation of an appeal tends greatly to the reproach of our judicial procedure. Unless it shall appear from this record that the defendant was entitled to a directed verdict, then a reversal of this judgment upon mere error occurring at the trial would approximate a denial of remedy to the appellee, as plaintiff. We cannot properly be indifferent to such a result, in that it forces upon us a natural reluctance after such long delay to work a reversal upon mere error in a case otherwise meritorious.

It appears from the record that, on February 1, 1915, a

heavy snow fell in the territory comprising the defendant town. The place of the accident involved herein was upon an important crossing between the post-office and bank corners, respectively. The approaches of such crossing at each end were promptly cleaned from the falling snow. The space between these approaches which crossed the central and traveled part of the street was not cleaned off, except that a narrow path was made by running an ordinary shovel over the walk. This path was from 15 to 20 inches wide, and doubtless furnished in the first instance a reasonably safe place for travel. This narrow path had its banks, partly caused by the snow that had been thrown from the path. The height of these banks is variously estimated by contending witnesses at from 3 or 4 inches to 18 inches. After the date of the snowfall, thawing weather intervened. About one week thereafter, there was some rain and some sleet. Softer weather followed. The snow upon the crossing walk melted more or less in the daytime and froze at night. The accident occurred at 8:30 A. M. It was already thawing. More or less water and sleet had already accumulated upon the narrow path. Beneath the water was an icy bottom. Apparently because of these conditions, the travel over this crossing had taken, to some extent, to the bank on either side, and paths were formed accordingly, which had become rough and ridged and somewhat slippery. The plaintiff and a companion approached this crossing, walking abreast. When they came to this narrow path, they separated, each one taking to the bank on his respective side. It was on this bank that plaintiff slipped and fell. The foregoing facts are by no means undisputed. We state the facts herein in the light most favorable to the appellee, as being such as his evidence tended to prove. Upon its own version of the facts, the defendant contends that it was entitled to a directed verdict.

It is undoubtedly true, as contended by the appellant, that a difference should be recognized in the details of the defendant's duty in the maintenance of a street crossing, as compared with the details of its duty in the maintenance of its sidewalks. In this case, teams with sleds were using the streets, and were entitled to so use the same. Such use of the streets would naturally encroach upon the cleanliness of the crossing and cast more or less snow thereon. Due allowance should be made

1. Municipal Corporations: torts: defects or obstructions in streets: unsafe path through snow.

for such a situation, in determining the nature of defendant's duty in the maintenance of a safe passageway for pedestrians. If the evidence had established conclusively that the narrow path cut by the marshal of the city furnished a safe way of travel, and presented no danger to the pedestrian using the same, then the question thus raised by the appellant would be entitled to consideration. The difficulty confronting the appellant in the record is that the evidence for the plaintiff did tend to show that the path itself was not safe for travel, and fairly presented a question for the jury. We are not able to say, therefore, that the defendant was entitled to a directed verdict.

The appellant does not claim that any error was committed upon the trial in the introduction of evidence. It assigns errors upon the refusal of the court to give certain instructions requested; and likewise upon the instructions actually given by the court, as being incorrect statements of the law. The defendant presented to the court twenty requested instructions. If we assume them all to have contained correct statements of the law, then to have given them all, in addition to the instructions given by the court on its own motion, would have resulted in a confusion of repetition. We have carefully compared the requested instructions with those actually given by the court. To say the least, the requested instructions, so far as they were correct, were largely included in the instructions given by the court on its own motion. Many of the requested instructions in their details tended to place a special emphasis upon the defendant's theory of the case. These were largely ignored by the court in the instructions given. We think the court acted within its proper discretion in so doing.

2. TRIAL: instructions: undue emphasis.

Other errors assigned are directed against the instructions actually given, as being incorrect statements of the law as applied to the testimony. The appellee challenges the right of appellant to be heard on these errors, because no objections or exceptions were presented to such instructions before argument to the jury in the court below. At the time of such trial, Chapter 289 of the Laws of the Thirty-fifth General Assembly (Sections 3705 to 3705-c, inclusive, Code Supplement, 1913) was in force. This statute required that exceptions to instructions should be made in advance of argument to the jury. It further purports to prohibit

3. TRIAL: instructions: failure to enter exceptions.

the consideration by the Supreme Court of any alleged error not thus pointed out. This statute was of very recent enactment at that time, and may readily have been overlooked. The statute itself did not long survive. Nevertheless, it became a part of the law of this case. The point made by appellee must be sustained.

The only other error assigned complains of the size of the verdict, and of the ruling of the court refusing a new trial on that ground. The verdict was approximately for $1,800. The

4. NEW TRIAL: verdict: excessiveness: $1,800.

plaintiff was 56 years old at the time of the trial. His occupation was that of a skilled laborer. For many years he had worked as a mason, both as a plasterer and as a stonemason. For several years, also, he had engaged in the work of a butcher. In September preceding the accident, he had been employed to run a Farmers Shipping & Elevator Company. Both bones of his left arm were broken. The trial occurred two years after the accident, and he had not at that time recovered the full use of his arm. He was thereby naturally precluded from engaging in either of his former trades. It is urged that he continued to receive the same salary from his employers ($60 a month), and that, therefore, he suffered no loss of earning capacity. This contention does not quite meet the situation. He maintained his employment by calling to his assistance his own son. Notwithstanding such continued employment, the fact that he was precluded from resuming his former trade, even though it were advantageous for him to do so, was one not to be wholly ignored by the jury in fixing the amount of his damages.

We think there was no abuse of discretion in the district court in refusing a new trial on this ground. If the question were doubtful, we should feel constrained to solve the doubt at this late day in favor of the judgment.

The judgment below is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.