Ida Boyd Hoffman, Appellee, v. City of Sioux City, Appellant.

No. 45125.

February 13, 1940.

J. M. Gunnell, for appellee.

Ralph W. Crary and V. O. DeWitt, for appellant.

Sager, J.—The accident under investigation occurred at the southwest corner of the intersection of Pierce and Seventh streets in Sioux City, the former running north and south, the latter, east and west. From the curb to the pavement on Pierce street there is a slope or ramp to the pavement level. This approach is 2 feet 8 inches long, sloping 1 inch in the first foot from the curb. At 18 inches, the approach is 2¼ inches lower than at the curb and at the pavement level, 7¼ inches. The top or surface of the approach is 3 feet 8 inches. On the east

side the approach slopes to the gutter. This slope is 1 foot 3 inches wide and 8 inches at the curb.

The accident of which plaintiff complains occurred at 2 o'clock in the afternoon of April 10, 1936. The day was clear and the street and approach to it, dry. She was familiar with the nature of the surroundings, including the approach in question, having passed over it many times. On this occasion she was walking north with the purpose of crossing the street. As she came to the approach she observed two ladies coming toward her. She thus describes the situation at that instant:

"They [the ladies she met] were about on the step at the same time I was. I fell just about the time they got there. I had moved over to allow them to pass. If these ladies had not been there, I would have had plenty of room."

She testified further:

"I was walking along just as careful as I ever walk and I was making way for two ladies that I was about to meet and I stepped over on this step and it slanted, and I fell right on the slant. * * * I stepped on the slant on the right side * * *. I thought it [the general condition of the street, walk and step] was very good. At that time I didn't know, of course, that there was a slant in this step."

And further:

"Q. And you say if the ladies had not been there and had not passed you, you would not have fallen? A. I don't think I would have. * * *

"Q. You could have waited a minute, I presume, and allowed these ladies to pass? A. Well, I suppose I could have, but there was plenty of room there; I thought there was plenty of room and if that step hadn't slanted or if I could have stepped from the walk to the street, I wouldn't have fallen. * * *

"Q. And these ladies crowded you off to one side? A. No, you see, they got to me just as I fell. They were coming along. I saw them coming and I thought I should move over a little to make room for them. I thought the step was square. I didn't think of it being slanting at all.

"Q. You didn't look to see whether it was slanting where you were walking? A. No."

The foregoing comprehends all the evidence touching the plaintiff's accident. The only other evidence, aside from that dealing with the nature and extent of plaintiff's injuries, was that of defendant's engineer and one Peter, a civil engineer, called by plaintiff. Peter made an examination of the street and of the approach, and prepared a plat thereof. It is from his plat that the figures above set out are taken. He testified that he examined the approach carefully and that the wearing surface had worn off and was smooth almost to the point of being "slick." He expressed the view also that the approach was not ample for the width of the sidewalk though he made no explanation as to why this should be; that the approach was too steep and hazardous as constructed. He testified that the height of the curb being only 8 inches the sloping approach could have been left out entirely. In further describing the situation this witness said:

"There is another step of similar construction at the same corner facing east. Between these two steps there is an outlet for storm water. There is also such an inlet on the west property line of Pierce Street and there is another one on the south property line of Seventh Street. The one on the south side of Seventh Street is approximately three feet west of the step. It has a double opening emptying into a common chamber. The first opening is approximately four feet and the next opening is approximately three feet with a one-foot post between the two openings. The inlet on Pierce Street on the curb is approximately two to two and one-half feet."

In behalf of the city, Gaynor, its engineer, testified with reference to the conditions at that intersection. He had charge of the construction of streets, intersections, sidewalks and approaches, and was familiar with the southwest corner of Seventh and Pierce streets. According to his testimony, this approach was constructed in 1931, that the intersection had always been a bad one because of flood conditions, and in order to protect the sewer at that place, more catch basins were necessary at that corner that at most others. His testimony is that the construction of the corner, with its approach, was not unusual except for the fact that it had been necessary to have these extra catch basins to handle the floodwaters. His opinion of the construction is thus expressed:

"This approach has always been considered good engineering practice where we have to have high curbs. The conditions have changed with the advent of the automobile and curbs have to be made lower now. This type of approach has always been good practice since we had higher curbs, and in such locations, they are necessary. It is necessary to have a high curb at this particular point. An approach to a curb that rises eight inches in approximately 34 inches, taking into consideration the location and the problems involved in this particular area, is good engineering practice. The reason this type of approach was put in, the curb is 8 or 10 or 12 inches high, and is too high for a person to step up. This particular type of approach is a common practice in the City of Sioux City."

It was Gaynor's view that engineers generally regard a step as more hazardous than a slope. He described the surface of the approach as being the usual concrete surface on street pavements; that there was nothing out of the ordinary in this particular approach which made it different from other approaches in the city. It was his view that in constructing approaches such as this, the engineer must keep in mind not only the facility with which people get on and off the sidewalk, but must have an appreciation of the traffic problem itself, and that a further extension of the approach would impede vehicular traffic in the street.

It was stipulated between the parties that the drawing made by plaintiff's engineer and the figures thereon represent the condition of the step as it was on April 10, 1936; that it had been in the same condition since its construction; and that this step was constructed in the year 1931 by the City Streets Department of the City of Sioux City, Iowa, in the condition stated.

At the close of plaintiff's case, defendant made a motion for directed verdict in its favor on nineteen different grounds, which may be summed up in two: that the plaintiff had failed to establish any negligence on the part of defendant; and had failed to prove freedom from contributory negligence. This motion was overruled. It was renewed at the close of all the testimony and again denied. Of this ruling the city complains on this appeal. We think the complaint is justified and that the court erred in not directing a verdict as requested.

We have so frequently expressed ourselves on the principles involved in cases like this that it would serve no useful purpose to repeat them. The observation of Hamilton, J., in Staples v. City of Spencer, 222 Iowa 1241, 1248, 271 N. W. 200, 204, still holds good. In that case it was said: ''Precedents are of little value in cases of this character, as each case must be determined upon its own peculiar facts.'' See, also, on the general questions involved in the case before us: Dodds v. West Liberty, 225 Iowa 506, 281 N. W. 476; Thomas v. Fort Madison, 225 Iowa 822, 281 N. W. 748; and Abraham v. City of Sioux City, 218 Iowa 1068, 250 N. W. 461. These decisions and the cases they review, with others that might be cited, point the way to the right result.

Appellee cites Thompson v. City of Sigourney, 212 Iowa 1348, 237 N. W. 366; Templin v. Inc. City of Boone, 127 Iowa 91, 102 N. W. 789; Robertson v. City of Waukon, 138 Iowa 25, 115 N. W. 482; Troxel v. City of Vinton, 77 Iowa 90, 41 N. W. 580; Neeley v. Town of Mapleton, 139 Iowa 582, 117 N. W. 981; Barnes v. Town of Marcus, 96 Iowa 675, 65 N.W. 984; Cox v. City of Des Moines, 111 Iowa 646, 82 N. W. 993; Kaiser v. Hahn, 126 Iowa 561, 102 N. W. 504; and Balcom v. City of Independence, 178 Iowa 685, 160 N. W. 305, L. R. A. 1917C, 120. Appellant, in addition to the Staples case, cites Cutshall v. City of Keokuk, 185 Iowa 808, 169 N. W. 677; Seiser v. Town of Redfield, 211 Iowa 1035, 232 N. W. 129; Bender v. Town of Minden, 124 Iowa 685, 100 N. W. 352; Beardmore v. Town of New Albin, 203 Iowa 721, 211 N. W. 430; and Tollackson v. City of Eagle Grove, 203 Iowa 696, 213 N. W. 222. A reading of these decisions and others discloses that there is no support for plaintiff's contentions that she was not negligent, or that the city was so in constructing the approach.

It is urged in argument in behalf of plaintiff that the approach was not necessary at all, and that a step would have been a better and safer mode of construction. Without deciding this question, it is apparent that the city was not bound to construct this approach differently because some other engineer than its own, thought some other method would be better. There is no testimony warranting the conclusion that there is anything improper in the way this approach was constructed or the way in which it was maintained. Though plaintiff's

witness said that the surface was slick, that was of no consequence because plaintiff said she slipped on the east slope of the approach and not on its surface. She admits that there was plenty of room there and that she was familiar with the place. Without thought or attention, she stepped off the approach on her right, and fell — this, in broad daylight, on an approach she knew well. Whatever the proper conclusion may be with reference to the city's negligence, we are satisfied that plaintiff failed to carry the burden of freedom from contributory negligence. The foregoing makes it unnecessary that we consider appellant's complaint about the court's failure to give a certain instruction.

The cause must, therefore, be, and it is, reversed.—Reversed.

HAMILTON, C. J., and HALE, MILLER, MITCHELL, BLISS, RICHARDS, and STIGER, JJ., concur.