J. W. BUSSELL, Appellee, v. THE CITY OF FORT DODGE, ET AL., Appellants.

**Defective streets:** PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE. In an action against a city for injuries to a pedestrian caused by an excavation in the street, the evidence as to plaintiff's contributory negligence is reviewed and held to present a question of fact for the jury, whose finding will not be disturbed.

**Same.** Where the uncontradicted testimony of a pedestrian was that he did not know of an excavation in the street until he fell into it, he was not guilty of contributory negligence in imprudently attempting to pass over it, although there was another safe and convenient way.

**Instructions:** ERRONEOUS USE OF WORDS. Where the court properly charged that the negligence complained of was failure to provide adequate protection against a street excavation and that if the city failed in this respect a finding of negligence was warranted, the further instruction that if plaintiff had failed to show that the excavation, was "properly" protected he could not recover, was not misleading, as from the whole charge it was apparent the word "improperly" was intended.

**Appeal by cross defendant.** An order for continuance against a defendant to a cross petition is not appealable.

**Same.** An appeal does not lie from an order refusing to direct a verdict in favor of a cross defendant, as to whom there had been no trial.

*Appeal from Webster District Court.*— HON. G. W. DYER, Judge.

WEDNESDAY, JANUARY 11, 1905.

ACTION at law to recover damages for a personal injury. The action as commenced by plaintiff was against the de fendant city alone, and in the petition it was charged that the accident through which plaintiff received the injuries of which he complained, was occasioned by his falling in the nighttime into an excavation or pitfall dug and negli- gently allowed to remain unprotected in a public street of said city. The city answered by a general denial. With its answer it filed in the case a notice to Frank Corey, which it had theretofore served upon him, and which in terms gave notice of the pendency of plaintiff's action, and that as the owner of the abutting lot and having made the ex- cavation in question for his own purposes, the city would look to him to pay any judgment that might be obtained against it. Thereafter the city procured from the court per- mission to make said Frank Corey a party defendant, and filed as against him a cross-petition, which will be noticed in the opinion as far as necessary. Said Corey, on being brought in, filed various motions and a demurrer addressed to the cross-petition, all of which being in turn overruled he filed an answer. Thereafter trial was had to a jury. Corey, although represented by counsel, was not permitted by the court, acting on its own motion, to have any part in the trial. At the close of the evidence he (Corey) moved for a verdict in his favor, which was overruled. Thereupon, and on its own motion, the court continued the case as to him, and to this both plaintiff and the defendant city objected and took exception. The case was then submitted to the jury as against the defendant city, and there was a verdict and judgment in favor of plaintiff. The defendant city appeals from the judgment, and also from the order continuing the case as against the defendant Corey. The defendant Corey appeals from the ruling of the court refusing to instruct a

verdict, and also from the order for continuance.— *Affirmed.*

*M. J. Mitchell,* for appellant city of Ft. Dodge.

*Kenyon & O'Connor,* for appellant Corey.

*C. W. Hackler* and *Healy Bros. & Kelleher,* for appellee.

BISHOP, J.— First as to the questions involved in the appeal by the defendant city:

I.   Counsel for appellant do not deny in argument but that a case of actionable negligence on the part of the city was fully made out.   The contention is that the record fails

1. DEFECTIVE STREETS: personal injury; contributory negligence.

to show that, at the time of his accident, plaintiff was in the exercise of ordinary care, and was therefore free from contributory negligence. The excavation into which plaintiff fell was in the line of the sidewalk, and had been made by defendant Corey in connection with the erection of a building by him as the owner of the abutting lot.   Plaintiff testified that he did not know of the existence of such excavation.   He further testified that the night was dark, and that as he passed along the walk the first intimation he had of the presence of the danger was when he fell into the excavation.   The evidence as to a barricade about the excavation, and as to the sufficiency thereof, and with reference to the display of signal lights, was in conflict.   On the whole, we have no doubt but that the question of care on the part of the plaintiff was one for the jury.   Its finding was warranted, and we cannot disturb it.

II.   The defendant requested an instruction to the effect that if plaintiff knew of the excavation, or by the exercise of ordinary care should have known thereof, and

2. SAME.

that it was imprudent to attempt to pass over the same, and if there was another and safe way which he could have taken, then he was guilty of contributory negligence and could not recover.   The request

was refused, and properly so.    The reason therefor becomes apparent when it is remembered that plaintiff testified that he did not know of the excavation until he fell into it, and in this he was not contradicted.    Knowledge of the danger is essential to the rule as announced by the cases which counsel cite and rely upon.    In this case the contributory negligence of plaintiff, if such there was, consisted in his going into the excavation, when, had he been exercising due care, he would have discovered such excavation in time to have avoided it.    This was the view taken by the trial court, and we think the jury was properly instructed with reference thereto.

III.    Complaint was made of the ninth instruction given, for that the same was misleading and did not contain a correct statement of the law.    The particular criticism is that in such instruction the word "properly" was used instead of the word "improperly," the latter manifestly being the appropriate word.    We may concede that in the use of the word mentioned, and as hereinafter more particularly referred to, the instruction was, in the abstract, open to the criticism made.    But we cannot believe that any misunderstanding resulted.    At the outset the jury was told that the negligence charged against the city was in failing to provide proper protection against the excavation, and that thought is carried through the instructions as a whole.    In the eighth instruction the jury was told specifically that if the city had failed in its duty in the respect indicated, a finding of negligence would be warranted.    Now, in the ninth instruction the jury was told that "if plaintiff has failed to establish either that he was in the exercise of reasonable care, or that the excavation was *properly* protected, or that sufficient light was placed to apprise a person of the existence of the excavation, etc., your verdict will be for the defendant."    It was incumbent upon plaintiff, of course, to prove that the excavation was *improperly* guarded.    If it could

*3. Instructions: erroneous use of words.*

be said that the attention of the jurors was attracted to the word used, still it must be said that the real meaning of the court stands out so plain upon the pages of the charge that there was no room left for misapprehension. Moreover, it does not appear that the attention of the trial court was specifically called to the error in the use of words by the motion for new trial.

IV.    Other alleged errors, having relation to the admission of evidence, to requests for instructions, and to instructions given are either without merit, or are disposed of by what has already been said.    The contention for

4. APPEAL.    error based upon the ruling of the court ordering a continuance of the case as sought to be made against defendant Corey under the cross-petition cannot be considered, as such was not an order from which an appeal could be taken.    *Jaffray v. Thompson,* 65 Iowa, 323.

Coming now to the appeal by the defendant Corey, it is apparent that the theory of the cross-petition is that, as between the city and Corey, the liability to plaintiff in this case, if any such there be, must be held

5. SAME.    to rest solely upon the latter.    This thought is predicated upon the allegation that the excavation in the street was made by Corey, and for his own uses and purposes, and, further, that to leave the same without the erection of proper barriers and the display of proper signal lights was an offense under the ordinances of the city.    The prayer is that if the matters charged in the petition shall be found to be true, and plaintiff have judgment in any amount against the city, the city have judgment for a like amount against Corey.    Now, whatever may be said respecting the attitude of the court in refusing to allow Corey to have any part in the trial, and should we concede that under any circumstances an appeal could be prosecuted from a ruling upon a motion to direct a verdict, it seems clear that this appellant has no standing in this court.    There had been no attempt at a trial of the case as against him, and it was not proposed to ask the

jury to consider him or his rights or interests in making up a verdict. A motion to direct a verdict simply challenges the sufficiency of the record to make out a case as against a defendant who has been compelled to submit to a trial. In effect, it amounts to no more than a request that the court find the facts instead of ordering a verdict. If the motion include an attack upon the sufficiency of the pleadings, as in this case, it may be regarded as akin in character to a motion in arrest of judgment as well as a demurrer to the evidence. As a general rule — and we need not stop to make inquiry as to what circumstances, if any, could be relied upon to justify an exception — an appeal does not lie directly from the ruling denying a motion for verdict, or from the verdict itself, or from a ruling denying a motion in arrest. Code, section 4101; *Andrews v. Concannon,* 76 Iowa, 251; *Walker v. Pumphrey,* 82 Iowa, 487; *Miller v. Sharpe,* 54 Cal. 590; *Ryan v. Kranz,* 25 Minn. 362; *McLeod v. Bertschy,* 30 Wis., 324; 2 Enc. of Pl. & Pr. 82, 107.

We have already seen that an order directing the continuance of a cause for trial is not the subject of a direct appeal.

From what has been said, it follows that the appeal by the defendant Corey, must be, and is, dismissed. On the appeal by the defendant city of Ft. Dodge, the judgment must be, and it is, *affirmed.*