IDA M. HALL, Administratrix, Appellee, v. CITY OF SHENANDOAH, Appellant.

**Municipal corporations:** DEFECTIVE WALKS: NOTICE: EVIDENCE. In a personal injury action based upon an obstruction of a sidewalk, evidence that other persons had stumbled over the obstruction prior to the accident in question was admissible, as tending to show notice to the city of the obstruction for such length of time that it should have been remedied; and failure to give an instruction limiting its application to that purpose was not erroneous, in the absence of a request therefor.

**Same:** NOTICE OF INJURY: ADMISSION IN EVIDENCE: PREJUDICE. Where an action against a city for a sidewalk injury was brought within three months, the notice to the city required by the statute to preserve the cause of action for a longer time is immaterial and incompetent; and the admission in evidence of such notice containing a detailed statement of the injury and its effect upon the injured party, such as unconsciousness, pain and suffering, where the injured party died prior to the trial and could not be cross-examined, was prejudicial.

**Same:** EVIDENCE. Evidence that plaintiff suffered hemorrhage some time after the accident involved in the action was not admissible, in the absence of any showing that the hemorrhage was caused by or was the probable result of the accident.

**Same.** The evidence of a former city official as to certain plats introduced and his previous efforts to have certain defects in the street remedied, and the result of such efforts, was inadmissible because foreign to the case, except as to certain matters on the plat having no bearing on the injury.

**Same.** Evidence of the injured party's general health, and that because of his enfeebled condition he had fallen on the streets on

other occasions, was competent on the question of contributory negligence; and its limitation to the question of his physical condition at the time of the injury, as bearing upon the question of damages, was erroneous; as ordinary care depends upon all the circumstances of the case, including physical infirmity known to the party.

**Contributory negligence:** INSTRUCTIONS. Contributory negligence assumes the negligence of the other party, otherwise it would not be contributory but independent; and an instruction defining contributory negligence to be such negligence as is the proximate or direct cause of the injury complained of, regardless of whether the other party was guilty of negligence, was defective in failing to state that such negligence must operate concurrently with the negligence of the other party in producing an injury, and as its proximate and co-operating cause; but when construed in connection with the other instructions given on the subject of negligence was not prejudicial.

**Same.** Where a pedestrian has reason to believe that he can pass over a walk in safety he is not guilty of contributory negligence in failing to select another route of travel, although there are better walks that would serve his purpose.

**Same:** SPECIAL INTERROGATORIES. Refusal to submit a special interrogatory which does not call for an ultimate fact is proper; as where the interrogatory assumed that the injured party had a knowledge of the situation and condition of a defective walk, which knowledge is essential to the establishment of negligence in the use of the walk, and did not call for a finding as to his knowledge of the situation, it was rightly refused.

*Appeal from Shenandoah Superior Court.*—HON. GEORGE H. CASTLE, Judge.

WEDNESDAY, DECEMBER 16, 1914.

ACTION for personal injuries resulting from an obstruction on a sidewalk. From a verdict and judgment for plaintiff, the defendant appeals.—*Reversed.*

*Denver L. Wilson* and *Thos. W. Keenan,* for appellant.

No appearance for appellee.

WITHROW, J.—I. As the basis of this action it is claimed that in December, 1912, at 8:15 p. m., G. D. Hall received

certain injuries resulting from a fall over a wooden trough which extended from a building on a business street across the sidewalk to the street; that said trough was an obstruction to free public travel, and had existed for a long time prior to the accident; and that the defendant city had notice of such condition for a long time prior to the injury. For the reasons stated, negligence is charged, and freedom from contributory negligence is averred. After the commencement of this action, G. D. Hall died, and his administratrix was substituted as plaintiff. The defendant rested its pleading upon a general denial. The trough which is claimed to have caused the injury was described by one witness as being one foot wide, with two by four strips nailed onto the top, making its height six inches. The testimony varies somewhat as to its size and height, but without changing the fact that it was a material elevation above the sidewalk level. It was more than twelve feet long, and extended over the entire width of the sidewalk. There was a verdict for the plaintiff and the defendant appeals.

The foregoing statement of the issues and facts sufficiently presents the record in that respect for a consideration of the errors which are assigned.

II. Several witnesses were permitted to testify that they had at times previous to Mr. Hall's accident fallen over the trough while passing along the sidewalk. This evidence was objected to at the time, and, because of it having been admitted, error is charged. The theory upon which the testimony was offered, as disclosed by the interrogatories, was that the fact of having fallen over it tended to fix its condition in the mind of the witness, and in argument it is recognized that this court has held such evidence competent upon the question of proving notice to the city of the dangerous condition, by showing its existence for such a time that, in the exercise of ordinary care, the condition should have been discovered. That such evidence is admissible for that purpose, see *Bailey v. Centerville,* 115 Iowa, 274; *Wilberding v. Dubuque,* 111

1. MUNICIPAL CORPORATIONS: defective walks: notice: evidence.

Iowa, 484; *Smith v. Des Moines,* 84 Iowa, 688; *Hunt v. Du-buque,* 96 Iowa, 314. The appellant complains that the trial court in its instructions should have limited the application of the evidence of other falls to the purposes which the authorities fix as proper; but we do not find in the record any requested instruction to that effect. The evidence was competent, and we do not find error for a failure of the instructions to limit it.

III. The injury occurred on December 18, 1912, and this action was commenced February 10, 1913. In the meantime Mr. Hall caused to be served upon the city a notice of his claim, setting out with particularity the circumstances and claimed cause of the accident, and its results. At the trial this notice was offered and received in evidence, over the objections of the defendant that Code, section 3447, par. 1, required such notice as the right to maintain an action not brought within three months from the time of the injury; and that, a less time having elapsed before the commencement of this action, the notice was incompetent and immaterial. In admitting this evidence the trial court stated that it was received to show whether or not notice was given. This, however, was a question wholly immaterial to the case. The notice was necessary to the right to maintain the action and be relieved from the bar of the statute, had the suit not been commenced within three months after the accident; but in this case it served no purpose in properly aiding the suit, for the conditions requiring it did not exist. Its admission in evidence might, however, be regarded as being without prejudice, were it, in its effect, limited to the single fact of proof of notice; but, as admitted, it carried with it a most detailed account of the injury claimed to have been received, with its results as to alleged unconsciousness of the injured party, continued pain and suffering, mental anguish, and other conditions; and as the injured party was at the time of the trial dead, and the statements in the notice were of such character as to be

2. SAME: notice of injury; admission in evidence: prejudice.

descriptive of his condition and sufferings, without the opportunity of cross-examination as to those things which were more within the knowledge of Mr. Hall than any other person, we think that in admitting the notice there was error. We do not hold that, in a case where proof of notice is not necessary, the notice itself may not be used, but, as applied to this case, that, being wholly immaterial, it should not have been permitted to go to the jury.

IV. Mrs. Hall, the widow and administratrix, was permitted to testify that on February 9th, following his accident, Mr. Hall had a hemorrhage. This was objected to at the time.

3. SAME: evidence.
It appeared from her testimony that for a year or more prior to that time he had been in poor health, suffering from cancer of the liver, from which he later died. There was no proof that hemorrhage resulted from conditions caused by the fall, or that it was a probable result of it. Without having been shown to have some relation to the cause of action and the claim, the evidence should not have been received.

V. A witness, Conway, former mayor of Shenandoah, testified as to certain plats introduced in evidence, and of his efforts ten or twelve years before to close areaways which had

4. SAME.
been left open, and of the results of his efforts. They had no relation to that which was charged as the negligence in this case, were remote in distance as well as time, and his testimony could have no bearing upon the case. It was wholly irrelevant and immaterial, foreign to anything in the case, excepting as to certain points on the plat, which had no bearing on the injury. It may have worked no prejudice. It certainly had no proper place in the record. It should not have been received.

VI. Evidence was introduced on the part of the defendant tending to show that, because of his enfeebled condition, Mr. Hall had had other falls on the streets. Evidence was

5. SAME.
also introduced as to his general health. In its instructions the trial court limited the proof to showing only the general physical condition of Mr.

Hall at the time of his injury as bearing upon the question of damages. It is urged that this evidence was also competent upon the question of contributory negligence, and under the authorities we must so hold. *Hill v. Glenwood,* 124 Iowa, 479; *Kaiser v. Hahn Bros.,* 126 Iowa, 561.

While no more than ordinary care is required of a pedestrian in passing along the street, what constitutes that degree of care depends upon the circumstances of the case, among which are properly the infirmities of the injured person, known to him, and which necessarily should enter into his actions and to some extent control his conduct; all to be determined by the jury.

VII. In submitting the case, the trial court defined contributory negligence as follows:

Contributory negligence may be defined to be such negligence as is the proximate or direct cause of the injury complained of, and if you find from the evidence that there was such contributory negligence on the part of the said G. D. Hall, in this case, you must find for the defendant, whether the city was guilty of negligence or not.

Error is claimed on this account. The fault in this instruction is that it omits to state that the negligence of the plaintiff, which constitutes contributory negligence, must operate concurrently with the negligence of the defendant in producing the injury and as its proximate and co-operating cause. 29 Cyc. 505. Stated otherwise, contributory negligence of one party necessarily assumes the negligence of the other. Without the latter, the act of the one is not contributory but independent. The remainder of the instructions properly stated to the jury the general rule as to negligence and contributory negligence as bearing upon the right of recovery, and we doubt if, considered as a whole, the quoted definition was prejudicial, although of itself insufficient. The purpose of the trial court to state the relative duties of the parties is clear from all the

6. CONTRIBUTORY NEGLIGENCE: instructions.

instruction; and we think the faulty statement was cured by what was otherwise given to the jury.

VIII. Complaint is made of the refusal of the trial court to give an instruction requested by the defendant as to the duty of Mr. Hall to take a safe way, if such way was open to

7. SAME.

him, and that a failure to so do would be contributory negligence. Upon this question the court instructed substantially in harmony with the rule of *Jackson v. Grinnell,* 144 Iowa, 235, and cited cases, and we therefore cannot hold there was error in the refusal to give the requested instruction.

IX. The defendant requested the submission to the jury of three special interrogatories, all of which were refused. The first was as to the existence of another walk or way, and of

8. SAME: special interrogatories.

itself did not call for an ultimate fact, and its refusal was not an error. *Trumble v. Happy,* 114 Iowa, 627. Nos. 2 and 3, bearing upon the same question, were refused because they assumed that Mr. Hall had knowledge of the situation and the conditions shown to exist. Nowhere in the interrogatories was presented the request for a finding whether he had knowledge of the dangerous condition, and that it was imprudent to attempt to pass over them, and this, under the rule cited above in *Jackson v. Grinnell,* is necessary to afford a basis for the finding of contributory negligence in that respect. In refusing to submit the interrogatories, there was no error.

X. Other errors are assigned but not argued. We do not pass upon them.

For the errors noted, the judgment is—*Reversed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.