MINNIE LAVECK, Appellee, v. AUGUST H. BONNES, Appellant.

**ASSAULT AND BATTERY:** Civil Action—Nonremote Threats. In
1   an action for damages for assault, nonremote threats by defendant
    of physical violence to plaintiff are admissible on the issue of malice.

**APPEAL AND ERROR:** Harmless Error—Error Against Prevailing
2   Party. The court will not determine whether testimony bearing on
    an issue was admissible, when the jury found in complainant's favor
    on such issue.

**APPEAL AND ERROR:** Harmless Error—Presumption That Jury
3   Obeyed Instructions. In an action for assault, involving several
    elements of damages, including loss of time, the defendant may not
    complain of an instruction that no damages shall be allowed for
    loss of time unless the evidence shows the value thereof, even though
    the evidence does not show such value.

**ASSAULT AND BATTERY:** Excessive Verdict—$500. Verdict of
4   $500 for assault and battery held not excessive.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER,
Judge.

DECEMBER 13, 1921.

ACTION for damages. Verdict and judgment for plaintiff.
Defendant appeals.—*Affirmed.*

> *Robertson & Robertson*, for appellant.
>
> *George H. Mayne* and *Thomas O. Tacy*, for appellee.

STEVENS, J.—I. None of the propositions relied upon by
appellant for reversal call for an extended statement of the rec-
ord, but it is disclosed thereby that the plaintiff is 44 years of

1. ASSAULT AND
BATTERY: civil
action: non-
remote threats.

age, and that she owns a 15-acre tract of land
about 7 miles north of Council Bluffs, which is
adjoined on three sides by the land of the de-
fendant. In addition to cultivating the 15-acre tract, plaintiff
also conducts a small general store, which, as we understand the
record, is located on said tract. On or about May 1, 1919,
plaintiff and defendant had an altercation, which resulted, as
she claims, in the defendant's violently assaulting and striking

her several times with a pitchfork. This action is for damages resulting from the assault. The evidence is in considerable conflict as to who was the aggressor, and as to the nature and character of the assault and the extent of plaintiff's injuries. With these questions of fact, except as the same bear upon appellant's claim that the verdict is excessive, we are not concerned. Plaintiff and her two daughters, aged 13 and 14 respectively, testified that the defendant, on different occasions, threatened to kill them if they did not move away from the premises above described. The threats testified to by the daughters are claimed to have been made in the winter of 1918 and the spring of 1919; while the threats made to plaintiff personally were in April, 1919, which was very shortly before defendant assaulted her. This testimony was objected to by counsel for appellant upon the ground that it was incompetent, immaterial, irrelevant, and did not tend to prove any element of the case; and that, if it was admissible under any circumstances, it was too remote. The only case cited by appellant to sustain the claimed inadmissibility of this testimony is *Irwin v. Yeager,* 74 Iowa 174. The court held in that case that, as the threats were made so long prior to the transaction,—more than two years,—and bore no relation thereto, they were not admissible. The evidence in this case tended to show that appellant had for some time borne ill will toward the plaintiff, and that some of the threats shown were made within four or five months, at most, before the assault occurred, and some of them not more than one month.

Plaintiff alleged in her petition that the assault was malicious; and, under all of the authorities, where the transaction grows out of or is closely connected with the threats, these, as well as threats occurring prior to the assault and not too remote, are admissible for the purpose of showing malice. 5 Corpus Juris 670; *Lambrecht v. Schreyer,* 129 Minn. 271 (152 N. W. 645).

It is also contended by appellant that the threats claimed to have been made against appellee's daughters during the winter of 1918 and the spring of 1919 were not admissible. These threats, if any were made against them, also included the plaintiff. It was not necessary that the threats be directed wholly against the person assaulted. It is sufficient if they were of

2. APPEAL AND ERROR: harmless error: error against prevailing party.

such a general character as to include such person within their scope. *Conklin v. Consolidated R. Co.*, 196 Mass. 302 (82 N. E. 23). Whether this evidence was inadmissible because of remoteness, we need not decide. This evidence bore only on the question of malice; and, as the jury found against the plaintiff on the question of exemplary damages, we need not pass upon the suggestion of counsel that the evidence was inadmissible because of remoteness.

II. Plaintiff alleged in her petition that, as the result of the physical injuries received and the shock to her nervous system, she was confined to her home for four days, and for several weeks was unable to work. The court charged

**3. APPEAL AND ERROR: harmless error: presumption that jury obeyed instructions.**

the jury that, if it found that she was entitled to recover, she should, with other elements, be allowed the value of so much of her time as she was shown by the evidence to have lost by reason of the injuries received, but only so far as the value thereof was shown in the evidence, if at all. This paragraph of the instruction is objected to upon the ground that no evidence was introduced upon this point. We have repeatedly held it to be error for the court to submit an issue to the jury that is without support in the evidence. Assuming, therefore, that the portion of the instruction complained of was erroneous in this particular, we think it was without prejudice. It was so worded that the jury could not allow compensation for the loss of time, unless the value thereof was shown by the evidence. The instruction, in effect, told the jury to disregard this element of recovery unless the value of time lost was established by the proof. *Trapnell v. City of Red Oak Junction*, 76 Iowa 744.

III. The only remaining question argued by counsel is the claimed excessiveness of the verdict. The jury, in answer to a special interrogatory, stated that exemplary damages were not

**4. ASSAULT AND BATTERY: excessive verdict: $500.**

allowed. We shall not undertake to review the evidence relating to and describing plaintiff's injuries. We have, however, read it with care; and, while the verdict of $500 may be a trifle large, the jury was warranted, under the evidence, in finding that the assault was violent, and made with a pitchfork at a time when the defendant admits he was angry.

On the whole, we think the record free from prejudicial error. Defendant claims that the immediate cause of the controversy was the act of the plaintiff, or the members of her family, in cutting down some small box elder trees on his premises. Plaintiff admits that some weeds and small sprouts were cut out of the fence row. Defendant also testified that plaintiff attempted to assault him with an ax, and that all he did was to twist it out of her hands with the pitchfork. Evidence as to the physical condition of plaintiff some days later tended to contradict this claim by the defendant.

We find no error justifying a reversal, and the judgment of the court below is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.