MARTHA ANN GREENLEE, Appellee, v. CITY OF BELLE PLAINE, Appellant.

**MUNICIPAL CORPORATIONS: Torts—Defects or Obstructions in**
**1 Streets—Contributory Negligence Per Se.** The court cannot say that an injured party was negligent *per se* because she had, generally speaking, been long familiar with all the streets of the municipality, when she was aged, did not know of the particular defect in the street which caused her injury, and when, just prior to the accident, her mind was excusably diverted from the walk in question.

**TRIAL: Instructions—Incidental Reference to Nonpleaded Negligence.**
2 Prejudicial error may not be predicated on instructions which incidentally refer to the negligence of a city in "constructing" a walk, when the assigned negligence is in "maintaining" the walk.

**MUNICIPAL CORPORATIONS: Torts—Defects or Obstructions in**
3 **Streets—Choosing Imprudent Way—Effect.** The doctrine that a pedestrian may, under some circumstances, be deemed negligent in traveling a path which it is imprudent to travel, necessarily can have no application when the traveler had no knowledge of any defect in the way traveled by him.

**NEGLIGENCE: Acts Constituting—Unknown Physical Defect.** The
4 doctrine that a traveler upon the public highway must exercise a degree of ordinary care commensurate with a known physical defect necessarily can have no application when he did not know that he had the physical defect in question.

Headnote 1: 43 C. J. p. 1293. Headnote 2: 4 C. J. p. 1034; 43 C. J. p. 1325. Headnote 3: 43 C. J. p. 1092. Headnote 4: 43 C. J. p. 1077.

Headnote 1: 21 L. R. A. (N. S.) 648; 48 L. R. A. (N. S.) 637; 13 R. C. L. 480. Headnote 3: 21 L. R. A. (N. S.) 659; 48 L. R. A. (N. S.) 638; 13 R. C. L. 480.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

DECEMBER 13, 1927.

Action to recover damages for a personal injury due to negligent maintenance of a sidewalk. Upon a trial to a jury, plaintiff prevailed, and appeal was taken by the city.—*Affirmed.*

*Tobin, Tobin & Tobin* and *R. S. Milner,* for appellant.

*Snyder & Snyder,* for appellee.

KINDIG, J.—Reasons for reversal are predicated upon failure to give instructions requested, error in submitting others on the district court's own motion, and refusal to direct a verdict in favor of appellant because of contributory negligence.

Historically, the facts are: That appellee, at about 5 o'clock in the afternoon on September 19, 1924, was walking on a cement sidewalk of the public street in front of the Citi-

zens National Bank of Belle Plaine. The passage was built of blocks, each four feet square, and as this pedestrian was thus proceeding, her foot caught in a depression caused by the lowering of one of the ''blocks,'' leaving the next immediately in front thereof exposed approximately one and one-half inches at one end and three fourths of an inch at the other. Because of the obstruction, the lady fell, breaking her right hip and sustaining bruises and injuries to her back, resulting in a large sore, from which blood poisoning was imminent. Said defect on the thoroughfare had existed for at least eight years; so the jury were justified in finding that the municipality had notice thereof. No question is raised concerning the non-liability of the city for the particular kind of defect.

For the sake of clearness, additional statement of the evidence will be made in the discussion relating to the particular point under consideration.

I. Urgent claim is made that appellee cannot recover, because of her own contributory negligence, which was the proximate cause of her injuries. Foundation for this contention is laid on the ground that she had lived in this town for many years, was familiar with all the ''sidewalks,'' and constantly traveled over them, and therefore knew, or must have known, of the condition thereon about which she now objects.

1. MUNICIPAL CORPORATIONS: torts: defects or obstructions in streets: contributory negligence per se.

With this argument we do not agree. Mrs. Greenlee at the time in question was 63 years of age, and while she had used the route involved on previous occasions, she was not aware of the particular imperfection. There was a supper promoted by the Royal Neighbors Lodge that day, from which appellee was returning with a pie for her husband's evening meal. According to Mrs. Greenlee, this is what occurred:

''I was going carefully. Mrs. Haines hadn't had her supper yet, and I was coming south, and happened to run onto her on the way to supper. She was going north, and we just passed a few words, and she went her way and I went mine. This was a little ways north of where the accident happened. She says: 'Hello, neighbor, you are going the wrong way.' I said: 'No, I have just been and got my supper and going

home.' And she says: 'Well, I am just going.' And just then she went on. She just kept going, and never even stopped. She was walking about as fast as anybody would be walking, and I was walking about the same. The last part of the conversation was had after we had passed. After I had passed Mrs. Haines, I can't tell exactly how far I had gone before I .fell, because it all happened so quick, but it must have been around ten feet. I was walking carefully, and suppose I was on the watch out, the same as you or anybody else. I was just watching and going along the same as anybody would, but was not looking for any places to stumble.. Never thought of such a thing. At the time I was injured, I did not know there .was a depression in the sidewalk. I don't know whether the pie plate I was carrying obstructed my view of the sidewalk, so I could not see where I was going, or not. I think I was able to see the walk as I was going along at that time. I did not notice anything on the sidewalk. Q. What I want to find out, Mrs. Greenlee, if you can answer me briefly and directly, is this: were you watching out not to stumble over this place? A. Why, I certainly was, I would think; I wasn't thinking of stumbling or anything else; I was just walking along, the same as I always did.''

Admission is made that the sun was shining, and that appellee's eyesight was good. However, in addition to what has already been shown, it develops that the exposure due to the ''depression'' was somewhat, at least obscured by ''some padding .of cinders and silt.'' Weighing this partial camouflage with .the effect of the recent conversation with Mrs. Haines, and the diversion of attention, if any, that may have been caused thereby, together with the possible interference furnished by the parcel conveyed, we are not justified in saying that, as a matter of law, there should be a judgment for appellant; but rather, under the circumstances here disclosed, it was a matter for the jury to determine, guided. by a charge appropriate for the occasion. *Bussell v. City of Fort Dodge,* 126 Iowa 308; *Jackson v. City of Grinnell,* 144 Iowa 232; *Robertson v. City of Waukon,* 138 Iowa 25; *Overton v. City of Waterloo,* 164 Iowa 332; *Covert v. Town of Lovilia,* 167 Iowa 163; *Hall v. City of Shenandoah,* 167 Iowa 735. To sustain appellant's position, it cites *Barce v. City of Shenandoah,* 106

Iowa 426; *McLaury v. City of McGregor*, 54 Iowa 717; *Cutshall v. City of Keokuk*, 185 Iowa 808; *Bender v. Incorporated Town*, 124 Iowa 685; *Cratty v. City of Oskaloosa*, 191 Iowa 282; and *Gibson v. City of Denison*, 153 Iowa 320. Those cases, however, can be distinguished. Many of them embody situations where the plaintiff knew of the "defect," or where the "city" was making some temporary use of the streets, and had momentarily placed an obstruction, such as a hose, across the same. None of them is authority for taking this controversy away from the jury.

II.   Argument is advanced to the effect that the district court erroneously submitted to the "jury" the question of defective construction, when the petition alleged, and the "evidence" sustained, only "defective" maintenance. Reliance in this instance is placed upon *Barce v. City of Shenandoah*, supra, wherein we said:

2. TRIAL: instructions: incidental reference to non-pleaded negligence.

"There was no evidence that the city was guilty of any fault in the original construction of the walk; yet the court instructed that, if the city was guilty of negligence in erecting the same, then plaintiff, if free from negligence, might recover. That it is error to instruct upon a matter of which there is no evidence, is familiar doctrine, and no authorities need be cited to sustain it."

Solution of the problem in the case at bar is not yet found. Abstractly, the doctrine of *Barce v. City of Shenandoah*, supra, is correct; but it does not apply here, for the reason that the district court did not allow the "jury" to base a "verdict" upon faulty "construction." Elaboration will elucidate. First, the "jury" was told appellee's claim, as set forth in her "petition," to be, among other things, "that such injury resulted wholly from the negligence of the defendant in not properly maintaining said sidewalk." After this, followed the assertion that, in answer to plaintiff's petition, the defendant city denies each and every allegation. Such, the "jury" was told, constituted the issues, and that:

"If the plaintiff has established, by a preponderance of the evidence, each and every of the foregoing material allegations, then it is your duty to find a verdict for the plaintiff; on the other hand, if the plaintiff has failed to establish, by a

preponderance of the evidence, each and every of the foregoing allegations, then it is your duty to find for the defendant."

"Negligence, ordinary care, contributory negligence, and proximate cause" were in turn defined, and subsequently, as a matter of general legal philosophy, the court said:

"You are instructed that it was the duty of the defendant city to exercise ordinary care in the construction and maintenance of its sidewalks, in order that such walks may afford reasonably safe passage for persons lawfully traveling thereon, when in the exercise of ordinary care * * * . On the other hand, if the defendant city did not exercise such ordinary care in the construction of its sidewalks, or after the construction of the same did not exercise ordinary care in their maintenance * * * and that by reason of such negligence on the part of the city a person lawfully using said sidewalk, in the exercise of ordinary care on her part, is injured, the defendant is liable for all damages sustained thereby."

Unquestionably, it would have been better in this generalization to have omitted any reference to "construction;" yet, in what was there related, the district court did not purport to set forth "the issues," nor did it inform the "jury" that, under the conditions and facts of this case, "faulty construction" warranted a recovery.

Reading the entire statements paragraph by paragraph, no confusion will result; and the thought of the text is plain that, in order for appellee to succeed, she must prove, by a "preponderance of the evidence," the material allegations of her "petition," as stated in the "issues," which limited the city's "negligence" to "maintenance." If the inclusion of the discourse concerning "faulty construction" was error, it was such without prejudice. See *Laveck v. Bonnes*, 192 Iowa 736.

III. A requested instruction was presented to the district court, incorporating the doctrine relating to appellee's duty to make use of another "way" that was available for her safety. It was refused, and we believe without "error." This alleged optional course was on the same "sidewalk," immediately to the east of the sunken "block." Underlying the right to impose that obligation must be the knowledge possessed by appellee of the "defect." Such cognizance of the

3. MUNICIPAL CORPORATIONS: torts: defects or obstructions in streets: choosing imprudent way: effect.

danger may be shown by direct or circumstantial "evidence;" but by whatever method employed, the result must be the confirmation of that ultimate fact. Not until this has developed does the principle appear, relative to the necessity "of selecting another way." Putting the thought differently, it could not be imprudent for appellee to pass over the place of the accident unless she knew of the "defect." Lack of "knowledge" when she should have had it, under certain circumstances, will amount to negligence, but will not be sufficient to inflict the burden of selecting another path of travel. Demand for that "selection" can never be granted unless there first exists such "knowledge." *Bussell v. City of Fort Dodge*, supra, has fitting application here. We there said:

"The defendant requested an instruction to the effect that, if plaintiff knew of the excavation, or by the exercise of ordinary care should have known thereof, and that it was imprudent to attempt to pass over the same, and if there was another and safe way which he could have taken, then he was guilty of contributory negligence, and could not recover. The request was refused, and properly so. The reason therefor becomes apparent when it is remembered that plaintiff testified that he did not know of the excavation until he fell into it, and in this he was not contradicted. Knowledge of the danger is essential to the rule as announced by the cases which counsel cite and rely upon. In this case the contributory negligence of plaintiff, if such there was, consisted in his going into the excavation, when, had he been exercising due care, he would have discovered such excavation in time to have avoided it. This was the view taken by the trial court, and we think the jury was properly instructed with reference thereto."

Parenthetically we note that appellee said she did not know of the "defect," and this is not negatived.

On the other hand, had she known thereof, then the rule applicable to choosing the safer "way" may be considered. Prerequisites and conditional elements governing the picking of a dangerless "course," after "knowledge" of the hazard in the present "way," are fully set forth in *Cratty v. City of Oskaloosa*, 191 Iowa 282, under this language:

"The law is well settled in this state that mere knowledge of a defect in the sidewalk, or that the use thereof may be

attended with some danger and that its condition is such as to subject a person passing thereover to the danger of being injured, is not sufficient to charge with contributory negligence one who falls because of such defects and is injured. * * * If, however, one knows, or as an ordinarily cautious person ought to know, that it is imprudent for him to pass over a sidewalk, and he does so, and is injured, if another safe and equally convenient way was open to him, he is guilty of such negligence as will defeat recovery."

Proper "instructions" concerning the care which appellee needed to exercise, "contributory negligence," and "proximate cause" were given by the trial court; and in view of Mrs. Greenlee's not having "knowledge" of the "defect," no other admonitions or elaborations were necessary.

IV. Another "instruction" was "requested" by appellant, dealing with the degree of care incumbent upon appellee at the time and place in question because of the fact that she had a weakened knee, due to a former accident. Reliance is made upon *Hall v. City of Shenandoah*, 167 Iowa 735, *Hill v. City of Glenwood*, 124 Iowa 479, and *Kaiser v. Hahn Brothers*, 126 Iowa 561. Again, the criterion for invoking this standard presupposes "knowledge" of the physical unsoundness. See *Griffin v. Brown*, 167 Iowa 599. *Hill v. City of Glenwood*, supra, contains this phraseology:

4. NEGLIGENCE: acts constituting: unknown physical defect.

"The streets are for the use of the general public, without discrimination: for the weak, the lame, the halt, and the blind, as well as for those possessing perfect health, strength. and vision. The law casts upon one no greater burden of care than upon the other. It is true, however, that, in determining what is reasonable or ordinary care, we must look to the circumstances and surroundings of each particular case * * * . In the case before us, the plaintiff's blindness is simply one of the facts which the jury must give consideration, in finding whether he did or did not act with the care which a reasonably prudent man would ordinarily exercise, when burdened by such infirmity. In other words, the measures which a traveler upon the street must employ for his own protection depend upon the nature and extent of the peril to which he knows, or in the exercise of reasonable prudence ought to know, he is exposed. The

greater and more imminent the risk, the more he is required to look out for and guard against injury to himself; but the care thus exercised is neither more nor less than ordinary care * * * ."

Appellee, about 33 years ago, "pushed off her kneecap." Medical assistance was called, and the displacement adjusted. Since, she has never had any trouble, was not lame, could kneel, daily perform heavy labor, carry weights, and accomplish the ordinary and usual physical feats. During all the succeeding years, up to and including the time of the unfortunate happening on September 19, 1924, this woman did not know that her knee was weakened, to the extent that it interfered with walking, stepping over objects, or otherwise preventing falls. Doctors testified at the trial, after examination of the limb, to a discovered highly raised patella thereon, due to the previous misfortune of 33 years ago; and these experts aver that therefore, more readily than with a normal knee, there was likelihood that a fall would be caused because of unusual motions or particular misstep. Theoretical potentialities do not necessarily supply the patient's "knowledge" of the actuality. Without the indispensable "knowledge" of subnormal strength, duty cannot be forced upon her to exercise extraordinary precaution to guard against that which in her mind and consciousness did not exist. Denial of the "requested instruction" has our approbation.

The judgment of the district court is affirmed.—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.